# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| VANDA WATKINS p/k/a Criminal Manne, an individual; HAYWARD IVY p/k/a DJ SQUEEKY, an individual; and RAYNA B. RUFUS, in her capacity as Executor of the ESTATE OF GERALD BERRY p/k/a KILO G., <br><br>    Plaintiffs, <br><br> v. <br><br> KANYE OMARI WEST p/k/a YE, an individual; TYRONE WILLIAM GRIFFIN p/k/a TY DOLLA $IGN, an individual; YEEZY RECORD LABEL LLC, a California limited liability company; WARNER CHAPPELL MUSIC, INC., a Delaware Corporation; CREATE MUSIC GROUP, INC., a Delaware Corporation; and DOES 1-10. <br><br>    Defendants. | Case No. 2:24-cv-2880-JPM-tmp |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENLARGEMENT OF TIME TO SERVE AND FOR ALTERNATIVE SERVICE**

Before the Court is a Motion for Enlargement of Time to Serve and for Alternative Service Regarding Defendants Kanye Omari West and Tyrone William Griffin, filed on February 14, 2025, by Plaintiffs Vanda Watkins p/k/a "Criminal Manne" ("Watkins"), Hayward Ivy p/k/a "DJ Squeeky" ("Ivy"), and Rayna B. Rufus ("Rufus") (collectively, "Plaintiffs"). (ECF No. 38.) For the reasons given below, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

1

I.  **BACKGROUND**

This is an action for copyright infringement seeking damages and injunctive relief pursuant to 17 U.S.C. §§ 106, 501 et seq. (ECF No. 1 at PageID 1.) Plaintiffs assert counts of (1) copyright infringement; (2) vicarious copyright infringement; and (3) contributory copyright infringement. (Id. at PageID 9–13.) The action centers around Plaintiffs' copyrighted work "Drink a Yak (Part 2)" (the "Sample" or "Drink a Yak (Part 2)"). (Id. ¶ 31.) Plaintiffs allege Defendants infringed the Sample when Defendants made and released their song "Fuk Sumn" (the "Song" or "Fuk Sumn"). (Id. ¶¶ 31–34.)

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a). (Id. at PageID 1.)

A.  **Factual Background**

Plaintiffs co-own the copyrights in the sound recording and musical composition entitled "Drink a Yak (Part 2)," as embodied in the sound recording. (ECF No. 1 ¶¶ 11–15.) Rufus is the executor of the estate of Gerald Berry p/k/a "KILO G" ("Berry"). (Id. ¶ 15.) Plaintiffs are hip-hop musicians from Memphis, Tennessee, who create and record original musical compositions. (Id. ¶ 28.)

Plaintiffs allege Defendants Kanye Omari West ("West" p/k/a "YE") and Tyrone William Griffin Jr. ("Griffin," p/k/a "Ty Dolla $ign") (collectively, "Individual Defendants") are artists and co-writers of the Song. (Id. ¶¶ 16–17.)

Plaintiffs allege Defendants Yeezy Record Label, LLC ("YRL") and Warner Chappell Music, Inc. ("WCM") are each one of the music publishers, administrators, and co-owners of "Fuk Sumn." (Id. ¶¶ 20, 22.) Plaintiffs allege Defendant CMG is a music distribution company which publicly distributes "Fuk Sumn." (Id. ¶ 23.)

Plaintiffs allege Defendants infringed on their copyright when Defendants released the Song with "numerous unlicensed samples of Plaintiffs' copyrighted music." (Id. ¶ 3.) Plaintiffs allege Defendants attempted to negotiate permission to use Plaintiffs' work, but did not reach an agreement. (Id. ¶¶ 40–49.) Plaintiffs allege Defendants were able to access the Sample and interpolate components of it without permission. (Id. ¶ 34.) Specifically, Plaintiffs point to:

- The 0:00 to 0:03 and 0:07 to 0:10 time stamps in the Song, where Criminal Manne's vocals from the Sample are allegedly present, stating "Smokin on a junt, with my ni**as drinkin' O.E"; and

- The 0:04 to 0:06 and 0:11 to 0:14 time stamps in the Song, where KILO G's vocals from the Sample are allegedly present, stating "Stop off at the liquor store, get your yak, then we headed for the indo."

(Id. ¶¶ 38–39.)

### B. Procedural Posture

Plaintiffs filed their Complaint on November 13, 2024. (ECF No. 1.) After doing so, they successfully served each Defendant except for Individual Defendants. (See ECF Nos. 12, 13; see also ECF No. 38 at PageID 160.) Plaintiffs aver they have "made multiple diligent attempts to serve Defendants West and Griffin[,] all of which have failed." (ECF No. 38-1 at PageID 166; see also ECF Nos. 38-2, 38-3 (affidavits of Plaintiff's process servers indicating failed attempts at service on Individual Defendants).)

At the Court's Scheduling Conference, Plaintiffs indicated they would file the instant Motion. (See ECF No. 33 at PageID 119.) Plaintiffs filed the instant Motion on February 14, 2025. (ECF No. 38.) No Party has filed an opposition in response.

## II. LEGAL STANDARD & ANALYSIS

Plaintiffs requests (1) an additional 60 days to serve Individual Defendants; and (2) permission to serve Individual Defendants by alternative service, specifically notice by publication. (See ECF No. 38-1 at PageID 169.) The Court addresses each in turn.

### A. Enlargement of Time

"If the plaintiff shows good cause for the failure [to serve a defendant within 90 days of the complaint being filed], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause may be satisfied by 'a reasonable and diligent effort to effect service.'" Koehn v. 313 Presents, LLC, 649 F. Supp. 3d 465, 467 (E.D. Mich. 2023) (quoting Habib v. Gen. Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994)). "The determination of good cause is left to the sound discretion of the district court." Habib, 15 F.3d at 74 (citation omitted).

The Court finds Plaintiffs have established good cause for their requested enlargement of time. Plaintiffs submit affidavits from two different process servers outlining attempts to serve Individual Defendants. (See ECF Nos. 38-2, 38-3.) These process servers made more than ten attempts to serve Individual Defendants at publicly available addresses. (ECF No. 38-1 at PageID 167.) These are "reasonable and diligent effort[s]," Habib, 15 F.3d at 74, which establish good cause. See Searcy v. GUUAS, LLC, No. 2:19-CV-3124, 2020 WL 1694987, at *2–3 (S.D. Ohio Apr. 6, 2020), report and recommendation adopted, No. 2:19-CV-3124, 2020 WL 1929403 (S.D. Ohio Apr. 21, 2020); Gathering Spot, LLC v. Gathering Spot at Burlington Vill. LLC, No. 3:22-CV-7-TRM-jem, 2022 WL 1126414, at *2–3 (E.D. Tenn. Apr. 15, 2022).

Because Plaintiffs have shown good cause, the Court extends the time for service as to Individual Defendants by 45 days. See Fed. R. Civ. P. 4(m).

B. Alternative Service

"Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Thus, the Court looks to Tennessee law. See id.; Harcrow v. Harcrow, No. 3:18-cv-00828, 2020 WL 13830882, at *3 (M.D. Tenn. Jan. 21, 2020).

Under the Tennessee Rules of Civil Procedure, Plaintiffs may serve the out-of-state Individual Defendants by any form of service pursuant to Tennessee Rule 4.04, given the service is "reasonably calculated to give actual notice." Tenn. R. Civ. P. 4.05. Tennessee Rule 4.04 provides eleven different methods by which a defendant may be served. See Tenn. R. Civ. P. 4.04(1)–(11). It, however, does not provide for notice via publication. Cf. id. The closest alternative service applicable would be service by mail. See Tenn. R. Civ. P. 4.04(10).

The Tennessee Rules allow for constructive service of process, but only pursuant to a Tennessee statute. See Tenn. R. Civ. P. 4.08. This can include notice via publication. See Harcrow, 2020 WL 13830882, at *4. Plaintiffs, however, do not point the Court towards any applicable statute. They instead argue that Tennessee Rule 4.04 is a "statute [which] . . . provides the authority for alternative service of process methods regarding out of state [d]efendants." (See ECF No. 38-1 at PageID 167.) They make the same argument regarding Tennessee Rule 4.09. (See id.)

Rules of civil procedure, however, are not statutes. Indeed, the Court found no Tennessee statute which would allow Plaintiffs to serve Individual Defendants by publication in a copyright infringement case.[1]  See Ebulueme v. Onoh, No. M201800742COAR3CV, 2019 WL

---

[1] Tennessee Code Annotated § 2-1-205 allows for service by publication for nonresidents in suits in the Tennessee Court of Chancery. Chancery proceedings, however, are proceedings of equity, Tenn. Code Ann. § 21-1-101, which

2246621, at *5 n.2 (Tenn. Ct. App. May 24, 2019) (listing Tennessee statutes which only allowed for state courts of general jurisdiction to utilize Tennessee Rule 4.08 in suits involving delinquent property taxes and divorce actions).

Furthermore, "constructive service by publication should be viewed as a last resort means of serving a party whose identity is known." Turner v. Turner, 473 S.W.3d 257, 273 (Tenn. 2015) (citations omitted). In light of this policy and Plaintiffs' failure to identify an applicable statute, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request for service by publication. Plaintiffs, however, may serve Individual Defendants by mail in accordance with Tennessee Rule 4.04(10). See Tenn. R. Civ. P. 4.05.

### III.  CONCLUSION

For the reasons discussed above, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs have an additional 45 days to effectuate service. Plaintiffs may serve Individual Defendants by mail in accordance with Tennessee Rule of Civil Procedure 4.04(10). Based on the current record, however, Plaintiffs may not serve Individual Defendants by publication. Plaintiffs may renew their Motion for Service via Publication if they develop additional facts and supporting authority.

**SO ORDERED**, this the 7th day of March, 2025.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

---

this is not. Even if this section applied, it is unclear it would allow service via publication given this is an *in personam* action where Plaintiffs known the addresses of Individual Defendants. See Fed. Express Corp. v. Garibaldi, No. 2:22-cv-02837-TLP-atc, 2023 WL 11963180, at *3 (W.D. Tenn. May 17, 2023).