IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VANDA WATKINS p/k/a CRIMINAL MANNE, an individual; HAYWARD IVY p/k/a DJ SQUEEKY, an individual; and RAYNA B. RUFUS, in her capacity as Executor of the ESTATE OF GERALD BERRY p/k/a KILO G., <br><br> Plaintiffs, <br><br> v. <br><br> KANYE OMARI WEST p/k/a YE, an individual; TYRONE WILLIAM GRIFFIN p/k/a TY DOLLA $IGN, an individual; YEEZY RECORD LABEL LLC, a California limited liability company; WARNER CHAPPELL MUSIC, INC., a Delaware Corporation; CREATE MUSIC GROUP, INC., a Delaware Corporation; and DOES 1–10. <br><br> Defendants. | Case No. 2:24-cv-2880-JPM-tmp |

**ORDER GRANTING IN PART MOTION TO COMPEL INITIAL DISCLOSURES FROM DEFENDANT YEEZY RECORD LABEL LLC AND REQUEST FOR SANCTIONS**

Before the Court is a Motion to Compel Initial Disclosures from Defendant Yeezy Record Label LLC ("YRL") and Request for Sanctions, filed on April 16, 2025, by Plaintiffs Vanda Watkins p/k/a "Criminal Manne" ("Watkins"), Hayward Ivy p/k/a "DJ Squeeky" ("Ivy"), and Rayna B. Rufus ("Rufus")[1] (collectively, "Plaintiffs"). (ECF No. 38.) For the reasons given below, Plaintiffs' Motion is **GRANTED IN PART**.

---
[1] Rufus is the executor of the estate of Gerald Berry p/k/a "KILO G" ("Berry"). (ECF No. 1 ¶ 15.)

1

I.  **BACKGROUND**

This is an action for copyright infringement seeking damages and injunctive relief pursuant to 17 U.S.C. §§ 106, 501 et seq. (ECF No. 1 at PageID 1.) Plaintiffs assert counts of (1) copyright infringement; (2) vicarious copyright infringement; and (3) contributory copyright infringement. (Id. at PageID 9–13.) The action centers around Plaintiffs' copyrighted work "Drink a Yak (Part 2)" (the "Sample" or "Drink a Yak (Part 2)"). (Id. ¶ 31.) Plaintiffs allege Defendants infringed the Sample when Defendants made and released their song "Fuk Sumn" (the "Song" or "Fuk Sumn"). (Id. ¶¶ 31–34.) The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a). (Id. at PageID 1.)

A. **Factual Background**

Plaintiffs are hip-hop musicians from Memphis, Tennessee, who create and record original musical compositions. (Id. ¶ 28.) Plaintiffs co-own the copyrights in the sound recording and musical composition of Drink a Yak (Part 2), as embodied in the sound recording. (ECF No. 1 ¶¶ 11–15.)

Plaintiffs allege Defendants Kanye Omari West p/k/a "YE" ("West") and Tyrone William Griffin Jr. p/k/a "Ty Dolla $ign" ("Griffin") (collectively, "Individual Defendants") are artists and co-writers of the Song. (Id. ¶¶ 16–17.) Plaintiffs allege Defendants Yeezy Record Label, LLC ("YRL") and Warner Chappell Music, Inc. ("WCM") are each one of the music publishers, administrators, and co-owners of the Song. (Id. ¶¶ 20, 22.) Plaintiffs allege Defendant Create Music Group, Inc. ("CMG") is a music distribution company which publicly distributes the Song. (Id. ¶ 23.)

Plaintiffs allege Defendants infringed on their copyright in the Sample when Defendants released the Song using "numerous unlicensed samples of Plaintiffs' copyrighted music." (Id. ¶

2

3.) Plaintiffs allege Defendants attempted to negotiate permission to use Plaintiffs' work, but did not reach an agreement. (Id. ¶¶ 40–49.) Plaintiffs allege Defendants accessed the Sample and interpolated components of it without permission. (Id. ¶ 34.) Specifically, Plaintiffs point to:

- The 0:00 to 0:03 and 0:07 to 0:10 time stamps in the Song, where Watkins' vocals from the Sample are allegedly present, stating "Smokin on a junt, with my ni**as drinkin' O.E"; and

- The 0:04 to 0:06 and 0:11 to 0:14 time stamps in the Song, where Berry's vocals from the Sample are allegedly present, stating "Stop off at the liquor store, get your yak, then we headed for the indo."

(Id. ¶¶ 38–39.)

### B. Procedural Posture

On November 13, 2024, Plaintiffs filed their initial Complaint. (ECF No. 1.) In response, Defendants CMG, WCM, and YRL each filed individual motions to dismiss for lack of personal jurisdiction. (See ECF Nos. 34 (CMG), 39 (WCM), 51 (YRL).)

On March 31, 2025, Plaintiffs moved the Court to file an Amended Complaint. (ECF No. 52.) On April 3, 2025, the Court granted Plaintiffs' request. (ECF No. 54.) At the same time, the Court denied each motion to dismiss as moot. (Id. at PageID 303 n.2.) On April 7, 2025, Plaintiffs filed their Amended Complaint. (ECF No. 55.)

On April 16, 2025, Plaintiffs filed the instant Motion. (ECF No. 59.)

On April 21, 2025, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice as to WCM. (ECF No. 60.) The same day, CMG and YRL filed renewed motions to dismiss. (ECF Nos. 61 (CMG), 62 (YRL).)

On April 30, 2025, YRL filed its Response to the instant Motion. (ECF No. 63.)

## II.  LEGAL STANDARD

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).  "Courts' power to impose sanctions for discovery abuses reflects 'the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth.'  EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc., No. 3:12-CV-00463, 2018 WL 1542040, at *10 (M.D. Tenn. Mar. 29, 2018), aff'd as modified sub nom. EPAC Techs., Inc. v. Thomas Nelson, Inc., No. 3:12-CV-00463, 2018 WL 3322305 (M.D. Tenn. May 14, 2018) (citing Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001); Adkins v. Wolever, 554 F.3d 650, 652 (6th Cir. 2009)).

## III.  ANALYSIS

Plaintiffs move the Court to (1) compel YRL to provide its initial disclosures under Federal Rule of Civil Procedure 26(a) (its "Rule 26(a) Disclosures"); and (2) order YRL to pay Plaintiffs' reasonable costs and expenses associated with the instant Motion.  (See ECF No. 59 at PageID 330.)  The Court addresses each in turn.

### A.  Compel Rule 26(a) Disclosures

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure."  Fed. R. Civ. P. 37(a)(3)(A).

Plaintiffs state they requested YRL's Rule 26(a) Disclosures on four separate occasions. (ECF No. 59-1 at PageID 337.)  YRL initially promised it would provide its Rule 26(a) Disclosures.  (See ECF No. 59-3 at PageID 345.)  On April 14, 2025, however, YRL stated it would refuse to do so in light of its motion to dismiss.  (See id.; ECF No. 59-1 at PageID 337.)

Plaintiffs argue YRL has "no substantial justification" and "effectively prevent[s] Plaintiffs' counsel from beginning discovery" as to YRL. (ECF No. 59-1 at PageID 338.)

In its Response, YRL states it does not plan to serve its Rule 26(a) Disclosures "to prevent giving Plaintiff a reasonable expectation that it intends to litigate the case on the merits." (ECF No. 63 at PageID 427 (citing Blessing v. Chandrasekhar, 988 F.3d 889, 899 (6th Cir. 2021); Gerber v. Riordan, 649 F.3d 514, 519 (6th Cir. 2011)).) In its email to Plaintiffs' counsel, YRL via its counsel states "in light of [its] pending objection to personal jurisdiction, . . . it would be premature to [provide 26(a) Disclosures] at this time." (ECF No. 59-3 at PageID 345.)

The Court finds YRL's arguments unavailing. Initial disclosures are a "standard preliminary matter[] required by the Rules of Civil Procedure." Est. of Gibson by & through Shadd v. Daimler N. Am. Corp., 638 F. Supp. 3d 735, 742 (E.D. Ky. 2022). YRL, both at the Scheduling Conference[2] and in its motion practice, has consistently indicated its personal jurisdiction challenge. (See ECF No. 33 at PageID 120 n.4; ECF Nos. 51, 62.) Given this consistency, providing its mandatory Rule 26(a) Disclosure to Plaintiffs would not waive YRL's personal jurisdiction challenge. See Betco Corp., Ltd. v. Peacock, No. 3:12-cv-1045, 2014 WL 809211, at *4 (N.D. Ohio Feb. 28, 2014) (finding no waiver of personal jurisdiction, even after exchange of initial disclosures, where "the [d]efendants have been steadfast in asserting their objections to this Court's personal jurisdiction over them"); Est. of Gibson, 638 F. Supp. 3d at 742.

Furthermore, YRL's citations to Blessing and Gerber are unpersuasive. (See ECF No. 63 at PageID 428 (citing 988 F.3d at 899; 649 F.3d at 519).) Each case enumerates the general proposition that "[t]o waive or forfeit a personal jurisdiction defense, a defendant must give a

---

[2] YRL argues its counsel did not "actively participate" in the Court's Scheduling Conference because he "ha[d] not yet been retained." (ECF No. 63 at PageID 431.) This argument is immaterial. YRL's counsel appeared on behalf of YRL and was aware of the deadlines in the case.

plaintiff a reasonable expectation that it will defend the suit on the merits." See Blessing, 988 F.3d at 899; Gerber, 649 F.3d at 519. Neither case deals with initial disclosures. Cf. Blessing, 988 F.3d; Gerber, 649 F.3d. YRL's position is not directly supported by its cited caselaw; rather, it is pursuant to YRL's own analysis that providing its Rule 26(a) Disclosures would run afoul of Blessing and Gerber by giving Plaintiff a reasonable expectation that YRL will defend the suit on the merits. (See ECF No. 63 at PageID 428.) The Court finds YRL's analysis is incorrect.

Accordingly, Plaintiff would not have a "reasonable expectation that [YRL] will defend the suit on the merits" when YRL provides its Rule 26(a) Disclosures. See Blessing, 988 F.3d at 900. Because YRL has no basis upon which to withhold its Rule 26(a) Disclosures, the Court **COMPELS** YRL to provide such disclosures within **one week (seven calendar days)** of the Court's Order.

### B. Pay Plaintiffs' Costs and Expenses

Along with its Motion to Compel, Plaintiffs may move the Court for sanctions for failure to provide initial disclosures. See Fed. R. Civ. P. 37(a)(3)(A). Because the Court now grants Plaintiffs' Motion to Compel, supra Section III.A, "the [C]ourt must, after giving an opportunity to be heard, require [YRL] to pay [Plaintiffs'] reasonable expenses incurred in making the [M]otion, including attorney[s'] fees." Fed. R. Civ. P. 37(a)(5)(A).

While Rule 37(a)(5)(A) has three exceptions to a mandatory order of costs and expenses, none apply here. See Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). First, Plaintiffs filed the instant Motion after conferring in good faith with YRL to obtain the Rule 26(a) Disclosures. (See ECF No. 59-3 at PageID 368–375.) Thus, the first exception does not apply. See Fed. R. Civ. P. 37(a)(5)(A)(i) ("the [C]ourt must not order this payment if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action").

6

Second, YRL's nondisclosure was not substantially justified. See supra Section III.A. Thus, the second exception does not apply. See Fed. R. Civ. P. 37(a)(5)(A)(ii) ("the [C]ourt must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified").

Third, there are presently no other circumstances which make an award of expenses unjust. Thus, the third exception does not apply. See Fed. R. Civ. P. 37(a)(5)(A)(iii) ("the [C]ourt must not order this payment if . . . other circumstances make an award of expenses unjust").

The Court thus **SETS A HEARING** for **May 27, 2025, at 11:15 AM CDT** to allow YRL to be heard and to set the amount of costs and expenses owed. See Fed. R. Civ. P. 37(a)(3)(A); Fed. R. Civ. P. 37(a)(5)(A).

### IV. CONCLUSION

For the reasons discussed above, Plaintiffs' Motion is **GRANTED IN PART**.[3] YRL shall provide its Rule 26(a) Disclosures to Plaintiffs' counsel within **one** week (no later than **May 23, 2025**) of this Order.

**SO ORDERED**, this the 16th day of May, 2025.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

---

[3] The Court does not grant Plaintiffs' Motion in full because the Court must make a final determination after giving YRL an opportunity to be heard. See Fed. R. Civ. P. 37(a)(5)(A).