# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| VANDA WATKINS p/k/a CRIMINAL MANNE, an individual; HAYWARD IVY p/k/a DJ SQUEEKY, an individual; and RAYNA B. RUFUS, in her capacity as Executor of the ESTATE OF GERALD BERRY p/k/a KILO G., <br><br>    Plaintiffs, <br><br> v. <br><br> KANYE OMARI WEST p/k/a YE, an individual; TYRONE WILLIAM GRIFFIN p/k/a TY DOLLA $IGN, an individual; YEEZY RECORD LABEL LLC, a California limited liability company; WARNER CHAPPELL MUSIC, INC., a Delaware Corporation; CREATE MUSIC GROUP, INC., a Delaware Corporation; and DOES 1–10. <br><br>    Defendants. | Case No. 2:24-cv-2880-JPM-tmp |

## ORDER GRANTING REQUEST FOR SANCTIONS

Before the Court is a Request for Sanctions against Defendant Yeezy Record Label LLC ("YRL") and Request for Sanctions, filed on April 16, 2025, by Plaintiffs Vanda Watkins p/k/a "Criminal Manne" ("Watkins"), Hayward Ivy p/k/a "DJ Squeeky" ("Ivy"), and Rayna B. Rufus ("Rufus")[1] (collectively, "Plaintiffs"). (ECF No. 59.) The Court previously granted Plaintiffs' Motion to Compel and set a hearing regarding sanctions. (ECF No. 78.) The Court held a

---

[1] Rufus is the executor of the estate of Gerald Berry p/k/a "KILO G" ("Berry"). (ECF No. 1 ¶ 15.)

1

sanctions hearing on May 27, 2025. (See ECF No. 80 (Minute Entry).) For the reasons given below, Plaintiffs' Request for Sanctions is **GRANTED**.

I.     BACKGROUND[2]

This is an action for copyright infringement seeking damages and injunctive relief pursuant to 17 U.S.C. §§ 106, 501 et seq. (ECF No. 1 at PageID 1.) The action centers around Plaintiffs' copyrighted work "Drink a Yak (Part 2)" (the "Sample" or "Drink a Yak (Part 2)"). (Id. ¶ 31.) Plaintiffs allege Defendants infringed the Sample when Defendants made and released their song "Fuk Sumn" (the "Song" or "Fuk Sumn"). (Id. ¶¶ 31–34.) The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a). (Id. at PageID 1.)

**A. Factual Background**

Plaintiffs are hip-hop musicians from Memphis, Tennessee, who create and record original musical compositions. (Id. ¶ 28.) Plaintiffs co-own the copyrights in the sound recording and musical composition of Drink a Yak (Part 2), as embodied in the sound recording. (ECF No. 1 ¶¶ 11–15.)

Plaintiffs allege Defendants Kanye Omari West p/k/a "YE" ("West") and Tyrone William Griffin Jr. p/k/a "Ty Dolla $ign" ("Griffin") (collectively, "Individual Defendants") are artists and co-writers of the Song. (Id. ¶¶ 16–17.) Plaintiffs allege Defendants YRL and Warner Chappell Music, Inc. ("WCM") are each one of the music publishers, administrators, and co-owners of the Song. (Id. ¶¶ 20, 22.) Plaintiffs allege Defendant Create Music Group, Inc. ("CMG") is a music distribution company which publicly distributes the Song. (Id. ¶ 23.) Plaintiffs allege Defendants infringed on their copyright in the Sample when Defendants released the Song using "numerous unlicensed samples of Plaintiffs' copyrighted music." (Id. ¶ 3.)

---

[2] Due to the nature of the instant Request for Sanctions, the Court provides an abbreviated background section. A more in-depth background is available in the Court's Order Granting Motion to Compel. (ECF No. 78.)

### B. Procedural Posture

On November 13, 2024, Plaintiffs filed their initial Complaint. (ECF No. 1.) In response, Defendants CMG, WCM, and YRL each filed individual motions to dismiss for lack of personal jurisdiction. (See ECF Nos. 34 (CMG), 39 (WCM), 51 (YRL).)

On March 31, 2025, Plaintiffs moved the Court to file an Amended Complaint. (ECF No. 52.) On April 3, 2025, the Court granted Plaintiffs' request. (ECF No. 54.) At the same time, the Court denied each motion to dismiss as moot. (Id. at PageID 303 n.2.) On April 7, 2025, Plaintiffs filed their Amended Complaint. (ECF No. 55.)

On April 16, 2025, Plaintiffs filed their Motion to Compel Initial Disclosures from YRL and Request for Sanctions. (ECF No. 59.)

On April 21, 2025, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice as to WCM. (ECF No. 60.) The same day, CMG and YRL filed renewed motions to dismiss. (ECF Nos. 61 (CMG), 62 (YRL).)

On April 30, 2025, YRL filed its Response to Plaintiffs' Motion to Compel Initial Disclosures from YRL and Request for Sanctions. (ECF No. 63.)

On May 16, 2025, the Court granted Plaintiffs' Motion to Compel and set a hearing regarding Plaintiffs' Request for Sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (ECF No. 75.) On May 27, 2025, the Court heard argument regarding Plaintiffs' Request for Sanctions. (See ECF No. 80 (Minute Entry).)

## II.   LEGAL STANDARD

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Rule 37(a)(5)(A) provides,

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

### III.    ANALYSIS

Because the Court granted Plaintiffs' Motion to Compel, (ECF No. 78), the Court gave YRL an opportunity to be heard regarding sanctions on Plaintiffs' reasonable expenses incurred in making the Motion, including attorneys' fees. See Fed. R. Civ. P. 37(a)(5)(A). At the May 27 Hearing, YRL argued their analysis of Blessing v. Chandrasekhar, 988 F.3d 889 (6th Cir. 2021) and Gerber v. Riordan, 649 F.3d 514 (6th Cir. 2011), while incorrect, was a substantial justification of their position such that sanctions are unwarranted. YRL further argued sanctions would be unjust given they have since complied with the Court's order and provided their initial disclosures to Plaintiffs. (See ECF No. 75 at PageID 500.)

The Court finds YRL's arguments unavailing. First, YRL's nondisclosure was not substantially justified. See Fed. R. Civ. P. 37(a)(5)(A)(ii). While there may be some persuasiveness to YRL's argument, it does not rise to the level of substantial justification for a refusal to provide initial disclosures. See id. Indeed, the other record label Defendants, CMG and WMG, both provided their initial disclosures without raising the issue of waiving defenses.

Second, an award of sanctions here is not unjust. See Fed. R. Civ. P. 37(a)(5)(A)(iii). Plaintiffs' counsel requested YRL's initial disclosures four times via email between March 25 and April 14, 2025. (See ECF No. 59-2 at PageID 342.) Plaintiffs' counsel also attempted to confer with YRL via telephone. (ECF No. 59 at PageID 331.) As a last resort, Plaintiffs' counsel had to move the Court for the initial disclosures. (See ECF No. 59.) It is not unjust "to

4

preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth.'" See EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc., No. 3:12-CV-00463, 2018 WL 1542040, at *10 (M.D. Tenn. Mar. 29, 2018), aff'd as modified sub nom. EPAC Techs., Inc. v. Thomas Nelson, Inc., No. 3:12-CV-00463, 2018 WL 3322305 (M.D. Tenn. May 14, 2018) (citing Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001); Adkins v. Wolever, 554 F.3d 650, 652 (6th Cir. 2009)).

## IV.   CONCLUSION

For the reasons discussed above, Plaintiffs' Request for Sanctions is **GRANTED**. Plaintiffs are to submit a detailed attorneys' fees and expenses calculation via an affidavit to be filed with the Court. Plaintiffs shall have up to and including **June 11, 2025**, to file their affidavit.

**SO ORDERED**, this the 28th day of May, 2025.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE