IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VANDA WATKINS p/k/a Criminal Manne, an individual; HAYWARD IVY p/k/a DJ SQUEEKY, an individual; and RAYNA B. RUFUS, in her capacity as Executor of the ESTATE OF GERALD BERRY p/k/a KILO G., <br><br> Plaintiffs, <br> v. <br><br> KANYE OMARI WEST p/k/a YE, an individual; TYRONE WILLIAM GRIFFIN p/k/a TY DOLLA $IGN, an individual; YEEZY RECORD LABEL LLC, a California limited liability company; WARNER CHAPPELL MUSIC, INC., a Delaware Corporation; CREATE MUSIC GROUP, INC., a Delaware Corporation; and DOES 1-10. <br><br> Defendants. | Case No. 2:24-cv-2880-JPM-tmp <br><br> Jury Demand <br><br> Hon. Jon Phipps McCalla <br><br> Magistrate Tu M. Pham <br><br> Motion for Jurisdictional Discovery |

**PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY AND AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT TYRONE WILLIAM GRIFFIN JR.'S MOTION TO DISMISS**

COME NOW, the Plaintiffs Vanda Watkins p/ka Criminal Manne, Hayward Ivy p/k/a DJ Squeeky, and Rayna B. Rufus as Executor of the Estate of Gerald Berry p/k/a Kilo G (collectively, "Plaintiffs") by and through their undersigned counsel, and respectfully request that the Court grant them leave to conduct limited jurisdictional discovery on Defendant Tyrone William Griffin Jr.'s ("Ty Dolla $ign" or "Defendant Ty Dolla $ign") and for and for an enlargement of time with which to respond to their Motion to Dismiss (ECF No. 71). In support of the instant motion,

1

Plaintiffs state as follows:    Defendant Ty Dolla $ign's Motion to Dismiss is predicated on the Court's alleged lack of personal jurisdiction over them. However, Defendant Ty Dolla $ign's Motion to Dismiss raises significant issues of material fact which cannot be resolved until limited jurisdictional discovery has been taken. Plaintiffs aver that they cannot adequately or fairly respond to Defendant Ty Dolla $ign's Motion to Dismiss until these factual issues regarding the strength and substance of their contacts with the State of Tennessee are resolved.

Plaintiffs' current response date to Defendant Ty Dolla $ign's Motion to Dismiss is currently July 16, 2025. Given the current response date, Plaintiffs are unable to conduct discovery necessary to respond to and ultimately test the factual allegations and assertions Defendant Ty Dolla $ign makes in their Motion to Dismiss (ECF No. 71) and supporting materials.

Plaintiffs' counsel has conferred with Defendant Ty Dolla $ign's counsel and is unable to reach agreement on the jurisdictional issue. In support of the instant motion, Plaintiffs submit their accompanying Memorandum of Law with incorporated exhibits contemporaneously herewith related to the following requested relief:

1. Plaintiffs respectfully request that they be given leave of Court to conduct limited jurisdictional discovery and that such deadlines be set as outlined below:

   a. Plaintiffs shall propound written discovery requests in the form of interrogatories and requests for production solely limited to issues related to personal jurisdiction within 7 days of the entry of this Court's Order granting Plaintiffs leave to conduct limited jurisdictional discovery.

   b. Defendants shall provide their responses to the written jurisdictional discovery within 14 days of their respective receipt of the same.

      c.      Defendants shall be available for a remote video deposition via Zoom (or comparable platform) at a mutually agreed upon time. All questions at the deposition will be limited to the issue of personal jurisdiction only, specifically including without limitation, Defendant Ty Dolla $ign's contacts including planned contacts with Tennessee related to any cause of action contained in the Complaint and statements made in Defendant Ty Dolla $ign's Motion to Dismiss and declaration filed in support of the same.[1]

      d.      Any third-party subpoenas issued by the parties shall be limited to topics related to Defendant Ty Dolla $ign's personal jurisdiction and statements made in Defendants' Declaration filed in support of the same.

      e.      The parties shall conclude jurisdictional discovery on or before August 20, 2025, or thirty (30) days after the Court's disposition of this Motion, whichever is later, at which point Plaintiffs shall have up to and until 10 days from the same to provide substantive responses to Defendant Ty Dolla $ign's Motion to Dismiss (ECF No. 71.)

      2.      In the alternative, in the event the Court denies Plaintiffs' request for leave to take limited jurisdictional discovery, Plaintiffs request an enlargement of time of fourteen (14) days after disposition of this Motion, whichever is later, to file its Response to Defendant Ty Dolla $ign's Motion to Dismiss (ECF No. 71) or to amend its initial response to the same.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court grant the foregoing Motion and grant Plaintiff leave of Court to conduct the limited jurisdictional discovery requested herein.

      This the 16th day of July 2025.

---

[1] Plaintiffs do not waive the right to subsequently take merits depositions of Defendants related to all matters relevant to Plaintiffs' claims and/or defenses.

        Respectfully submitted,

        /s/ Bradley J. Eiseman
        Bradley J. Eiseman (TN #30534)
        **BRADLEY J. EISEMAN AT LAW**
        115 Harbor Common Dr
        Memphis, TN 38103
        Telephone: (901) 299-8250
        Facsimile:  (901) 370-3890
        Email: bradeisemanlaw@gmail.com
        *Attorney for all Plaintiffs*

## CERTIFICATION OF CONSULTATION BY COUNSEL

Plaintiffs' counsel certifies it has conferred with Defendant Ty Dolla $ign's counsel and is unable to reach agreement on the jurisdictional issue. Specifically, Plaintiffs' counsel sent an email communication on July 14, 2025, to Counsel for Defendant Ty Dolla $ign to ascertain whether there would be opposition to this instant motion. Counsel for Defendant Ty Dolla $ign indicated on July 14, 2025, via email correspondence, that they would be opposing the instant motion.

        /s/ Bradley J. Eiseman

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded via the District Court E-File system and/or via email, to the following on July 16, 2025.

Elliot B. Gipson (pro hac vice)
Brianna N. Logan (pro hac vice)
ELLIOT GIPSON PC
15260 Ventura Blvd
Los Angeles, CA 91403
(310) 817-1268
egipson@elliotgipson.com
blogan@elliotgipson.com
*Counsel for Create Music Group, Inc.*

Rachel M. Kaplowitz (pro hac vice)
N.Y. Bar Number 5765433
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
rkaplowitz@pryorcashman.com
(212) 421-4100
*Counsel for Defendant Tyrone William Griffin Jr.*

Eduardo Martorell,
Martorell Law APC
Playa District
6100 Center Drive, Suite 1130
Los Angeles, California 90045
(323) 840-1200
(323) 840-1300 (fax)
EMartorell@Martorell-Law.com
*Special counsel for Defendants Kanye Omari West and Yeezy Record Label, LLC* (*See* ECF No. 33 at p. 1)

                /s/ Bradley J. Eiseman