IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| VANDA WATKINS p/k/a Criminal Manne, an individual; HAYWARD IVY p/k/a DJ SQUEEKY, an individual; and RAYNA B. RUFUS, in her capacity as Executor of the ESTATE OF GERALD BERRY p/k/a KILO G., <br><br>        Plaintiffs, <br><br> v. <br><br> KANYE OMARI WEST p/k/a YE, an individual; TYRONE WILLIAM GRIFFIN p/k/a TY DOLLA $IGN, an individual; YEEZY RECORD LABEL LLC, a California limited liability company; WARNER CHAPPELL MUSIC, INC., a Delaware Corporation; CREATE MUSIC GROUP, INC., a Delaware Corporation; and DOES 1-10. <br><br>        Defendants. | Case No. 2:24-cv-2880-JPM-tmp |

**ORDER DENYING MOTION TO DEEM DEFENDANT KANYE OMARI WEST OFFICIALLY SERVED WITH PROCESS**

Before the Court is a Motion to Deem Defendant Kanye Omari West Officially Served with Process, filed on June 22, 2025, by Plaintiffs Vanda Watkins p/k/a "Criminal Manne" ("Watkins"), Hayward Ivy p/k/a "DJ Squeeky" ("Ivy"), and Rayna B. Rufus ("Rufus") (collectively, "Plaintiffs"). (ECF No. 90.) For the reasons stated below, Plaintiffs' Motion is **DENIED**.

1

I.  **BACKGROUND**

This is an action for copyright infringement seeking damages and injunctive relief pursuant to 17 U.S.C. §§ 106, 501 et seq. (ECF No. 1 at PageID 1.) Plaintiffs assert counts of (1) copyright infringement; (2) vicarious copyright infringement; and (3) contributory copyright infringement. (Id. at PageID 9–13.) The action centers around Plaintiffs' copyrighted work "Drink a Yak (Part 2)" (the "Sample" or "Drink a Yak (Part 2)"). (Id. ¶ 31.) Plaintiffs allege Defendants infringed the Sample when Defendants made and released their song "Fuk Sumn" (the "Song" or "Fuk Sumn"). (Id. ¶¶ 31–34.)

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a). (Id. at PageID 1.)

A.  **Factual Background**

Plaintiffs co-own the copyrights in the sound recording and musical composition entitled "Drink a Yak (Part 2)," as embodied in the sound recording. (ECF No. 1 ¶¶ 11–15.) Rufus is the executor of the estate of Gerald Berry p/k/a "KILO G" ("Berry"). (Id. ¶ 15.) Plaintiffs are hip-hop musicians from Memphis, Tennessee, who create and record original musical compositions. (Id. ¶ 28.)

Plaintiffs allege Defendants Kanye Omari West ("West" p/k/a "YE") and Tyrone William Griffin Jr. ("Griffin," p/k/a "Ty Dolla $ign") (collectively, "Individual Defendants") are artists and co-writers of the Song. (Id. ¶¶ 16–17.)

Plaintiffs allege Defendants Yeezy Record Label, LLC ("YRL") and Warner Chappell Music, Inc. ("WCM") are each one of the music publishers, administrators, and co-owners of "Fuk Sumn." (Id. ¶¶ 20, 22.) Plaintiffs allege Defendant CMG is a music distribution company which publicly distributes "Fuk Sumn." (Id. ¶ 23.)

2

Plaintiffs allege Defendants infringed on their copyright when Defendants released the Song with "numerous unlicensed samples of Plaintiffs' copyrighted music." (Id. ¶ 3.) Plaintiffs allege Defendants attempted to negotiate permission to use Plaintiffs' work, but did not reach an agreement. (Id. ¶¶ 40–49.) Plaintiffs allege Defendants were able to access the Sample and interpolate components of it without permission. (Id. ¶ 34.) Specifically, Plaintiffs point to:

- The 0:00 to 0:03 and 0:07 to 0:10 time stamps in the Song, where Criminal Manne's vocals from the Sample are allegedly present, stating "Smokin on a junt, with my ni**as drinkin' O.E"; and

- The 0:04 to 0:06 and 0:11 to 0:14 time stamps in the Song, where KILO G's vocals from the Sample are allegedly present, stating "Stop off at the liquor store, get your yak, then we headed for the indo."

(Id. ¶¶ 38–39.)

### B. Procedural Posture

Plaintiffs filed their Complaint on November 13, 2024. (ECF No. 1.) They successfully served each Defendant except West. (See ECF Nos. 12, 13, 57.) Plaintiffs aver they have made diligent attempts to serve West, including sending three separate service packets to all his last known addresses and multiple additional attempts by process servers. (ECF No. 91 at PageID 560; see also ECF No. 38.) Plaintiffs filed the instant Motion on June 22, 2025. (ECF No. 90.) YRL filed a Response in Opposition on July 7, 2025, where it objected to both Plaintiffs' Motion for Leave to Conduct Limited Jurisdictional Discovery as to YRL and the instant Motion as to West.[1] (ECF No. 103 at PageID 814–16.)

---

[1] YRL spends much of its Response critiquing Plaintiffs for conflating YRL with West. (See ECF No. 103 at PageID 812–814.) Curiously, YRL then argues on West's behalf, stating the Court should deny the instant Motion. (See id. at PageID 815–16.) It is unclear why YRL takes these seemingly contradictory positions. Regardless, YRL filed its Response after the 14 day deadline, and so the Court disregards its arguments. See L.R. 7.2(a)(2).

## II.   LEGAL STANDARD

"Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Thus, the Court looks to Tennessee law.  See id.; Harcrow v. Harcrow, No. 3:18-cv-00828, 2020 WL 13830882, at *3 (M.D. Tenn. Jan. 21, 2020).

Because West resides in California, Tennessee Rule of Civil Procedure 4.05 ("Tennessee Rule 4.05") governs service of process.  Plaintiffs may serve West by any form authorized for service within Tennessee or "in any manner prescribed by the law of [California] in which service is effected for an action in any of the courts of general jurisdiction in [California]." See Tenn. R. Civ. P. 4.05(1); Emiabata v. Farmers Ins. Corp., No. 3:23-cv-00263, 2024 WL 4940543, at *4 (M.D. Tenn. Dec. 2, 2024) ("Because this Court is located in Tennessee and the [plaintiffs] attempted to serve the defendants at California addresses, the [plaintiffs] may properly serve the defendants by doing so in compliance with Tennessee or California law."), report and recommendation adopted, No. 3:23-cv-00263, 2024 WL 5248244 (M.D. Tenn. Dec. 30, 2024).

In relevant part, Tennessee allows service by (1) personal delivery; and (2) mail.  See Tenn. R. Civ. P. 4.04(1), 4.04(10).

In relevant part, California allows service by (1) personal delivery; (2) substituted service if personal delivery is not possible after reasonable diligence; (3) first-class mail; (4) and publication with court authorization.  See Cal. Code Civ. P. §§ 415.10, 415.20(b), 415.30, 415.50.

4

## III.  ANALYSIS

Plaintiffs move the Court to deem West officially served with process.  (ECF No. 90 at PageID 555.)  Plaintiffs give two reasons: (1) they properly effected service on West via certified mail; and (2) West has actual and record notice of this suit.  (ECF No. 91 at PageID 562, 564.)

### A.  Plaintiffs' Attempts to Serve via Certified Mail

Plaintiffs contend they completed service via certified mail in accordance with Tennessee Rule 4.05.  (Id. at PageID 562.)  In support, Plaintiffs point to their sending three separate service packets to West, and their receiving of two mail returns reflecting the service packets were "unclaimed."  (Id. at PageID 562–63.)  Plaintiffs argue this is sufficient service under Tennessee Rule 4.05.  (Id. at PageID 563 (citing Goodman v. Ogunmola, No. E2014-00045-COA-R3CV, 2014 WL 4363627, at *4 (Tenn. Ct. App. Sept. 4, 2014)).)

Plaintiff is incorrect.  "[T]he Postal Service's notation that a registered or certified letter is 'unclaimed' is no longer sufficient, by itself, to prove that service was 'refused.'"  Tenn. R. Civ. P. 4.05 advisory commission comment (2019).  Thus, the Court does not find that service of process has been effectuated on the basis of the unclaimed service packets.  See Farley v. Potter, No. 3:22-cv-127-TAV-dcp, 2024 WL 3739668, at *5 (E.D. Tenn. Feb. 26, 2024) (finding no effective service of process where mailed summonses were returned unexecuted and unclaimed).

### B.  Defendant West's Notice of This Suit

Next, Plaintiffs contend West "has actual and record notice of this lawsuit through multiple channels."  (ECF No. 91 at PageID 564.)  Plaintiffs point to the relationship between West and YRL, in that (1) YRL's counsel has represented West in this case; and (2) West is the sole member/manager of YRL such that he is "inherently privy to the same information and knowledge."  (Id.)  Plaintiffs argue that, as a result, West should be deemed served.  (Id.)

The Court finds Plaintiffs' argument unavailing. "[I]t is well established that mere knowledge of a lawsuit is not a substitute for proper service under Rule 4." Farley, 2024 WL 3739668, at *9 (citing LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999); Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 623 (6th Cir. 2004)).

### C.     Extension of Time

Although the Court denies Plaintiffs' Motion, the Court finds good cause to extend the time of service. See Fed. R. Civ. P. 4(m). Plaintiffs have made additional efforts to serve West by mail and using additional process servers. (See ECF No. 91 at PageID 560.) The Court finds these to be "reasonable, diligent effort[s] to timely effect service of process." See Johnson v. Smith, 835 F. App'x 114, 115 (6th Cir. 2021) (quotation omitted).

Accordingly, the Court allows Plaintiffs an extra **thirty (30) days** from entry of this Order to effectuate service of process on West or to file any additional service motions.

### IV.     CONCLUSION

For the reasons discussed above, Plaintiffs' Motion is **DENIED**. The Court does not deem West effectively served. The Court, however, does allow Plaintiffs an extra **thirty (30) days** from entry of this Order to further attempt service or to file any additional service motions.

**SO ORDERED**, this the 22nd day of July, 2025.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE