IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VANDA WATKINS p/k/a Criminal Manne, an individual; HAYWARD IVY p/k/a DJ SQUEEKY, an individual; and RAYNA B. RUFUS, in her capacity as Executor of the ESTATE OF GERALD BERRY p/k/a KILO G., <br><br> Plaintiffs, <br> v. <br><br> KANYE OMARI WEST p/k/a YE, an individual; TYRONE WILLIAM GRIFFIN p/k/a TY DOLLA $IGN, an individual; YEEZY RECORD LABEL LLC, a California limited liability company; WARNER CHAPPELL MUSIC, INC., a Delaware Corporation; CREATE MUSIC GROUP, INC., a Delaware Corporation; and DOES 1-10. <br><br> Defendants. | Case No. 2:24-cv-2880-TLP-tmp <br><br> Jury Demand <br><br> Hon. Thomas L. Parker <br><br> Magistrate Tu M. Pham <br><br> Memorandum of Facts and Law In Support of Plaintiffs' Motion for Jurisdictional Discovery |

**PLAINTIFFS' MEMORANDUM OF FACTS AND LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY ON DEFENDANT KANYE OMARI WEST AND FOR AN ENLARGEMENT OF TIME TO RESPOND TO HIS MOTION TO DISMISS**

COME NOW, the Plaintiffs by and through their undersigned counsel, and respectfully submit the following memorandum of law in support of their Motion for Leave to Conduct Limited Jurisdictional Discovery and for an Enlargement of Time as to Defendant Kanye Omari West's ("YE" or "Defendant YE") Motion to Dismiss (ECF No. 115). In support of the instant motion, Plaintiffs state as follows: Defendant YE's Motion to Dismiss is predicated on the Court's alleged lack of personal jurisdiction over him. However, Defendant YE's Motion to Dismiss raises

1

significant issues of material fact which cannot be resolved until limited jurisdictional discovery has been taken. Plaintiffs aver that they cannot adequately or fairly respond to Defendant YE's Motion to Dismiss until these factual issues regarding the strength and substance of his contacts with the State of Tennessee are resolved.

## I.     FACTUAL BACKGROUND

The infringing musical work entitled "Fuk Sumn" was released collectively by Defendants on or about February 9, 2024. (ECF No. 1 ¶¶ 35.) Following this release, on February 28, 2024, Plaintiffs' counsel (in Memphis, Tennessee) was contacted by Alien Music, a third-party music licensing and clearance company acting on behalf of Defendants, to verify Plaintiffs' ownership of "Drink a Yak (Part 2)" and to initiate negotiations regarding sample clearance. (*Id.* ¶¶ 40, 42.) *See* Initial Email Correspondence between Plaintiffs' counsel and third-party music licensing and clearance company Alien Music, attached hereto as **Exhibit A**.

After several months of negotiations, on or around June 6, 2024, Alien Music informed Plaintiffs' counsel that Defendant Kanye Omari West ("YE") had terminated his legal and business teams, leaving him temporarily without representation. (*Id.* ¶¶ 45.) *See* Additional follow up email correspondence between Plaintiffs' counsel and Alien Music attached hereto as **Exhibit B**.

Subsequently, on June 18, 2024, Alien Music introduced YE's newly retained attorney, Eric Galen, who scheduled a meeting with Plaintiffs' counsel to resume sample clearance negotiations. (*Id.* ¶ 47.) *See* Email Correspondence dated June 18, 2024, attached hereto as **Exhibit C**. It was Plaintiffs reasonable expectation that these negotiations would continue and soon result in a successful resolution. (*Id.* ¶¶ 46-47). Despite confirming the details of the meeting, however, just two days later, on June 20, 2024, Plaintiffs were again informed that the meeting between Plaintiffs' counsel and attorney Eric Galen would not proceed due to YE terminating his legal team

2

a second time. (*Id.* ¶¶ 48.) *See* Email Correspondence dated June 20, 2024, attached hereto as **Exhibit D**. Despite numerous good-faith attempts to finalize the clearance agreement, Defendants, including Defendant YE, became non-responsive, frustrating Plaintiffs' efforts to resolve the matter amicably and forcing Plaintiffs to file the instant litigation after Defendants had spent months negotiating with the Tennessee based Plaintiffs and their Tennessee based counsel.

## II.      INTRODUCTION AND PROCEDURAL POSTURE

Plaintiffs filed their Complaint on November 13, 2024 (ECF No. 1.) On April 7, 2024, Plaintiffs filed an Amended Complaint (ECF No. 55). On September 8, 2025, Defendant YE filed a Motion to Dismiss (ECF No. 115.) Defendant YE has challenged whether the Western District of Tennessee for the Western Division has personal jurisdiction in this matter.

The timing of Defendant YE's Motion to Dismiss (ECF No. 115) has resulted in Plaintiffs' current response date being October 29, 2025. This does not allow Plaintiffs' counsel to have sufficient time or ability to conduct investigation and discovery necessary to sufficiently respond to and oppose the factual assertions and allegations Defendant YE makes in his Motion to Dismiss. Plaintiffs therefore respectfully request this Court grant Plaintiffs accompanying Motion to conduct limited jurisdictional discovery for the sole purpose of testing the factual assertions and omissions made by Defendant YE in his Motion to Dismiss (ECF No. 115) and supporting Memorandum of Law, and for an enlargement of time to respond to Defendant YE's Motion to Dismiss (ECF No. 115) until after this Motion is decided.

Limited Jurisdictional discovery is necessary given the posture of this case and fact that no discovery has been conducted. As the facts giving rise to jurisdiction are clearly in dispute, limited discovery is necessary to resolve the issue of jurisdiction fairly and decide the issues within Defendant YE's Motion to Dismiss, on a clear factual record. Without limited jurisdictional

discovery, Plaintiffs lack sufficient time and means to adequately oppose the jurisdictional assertions, allegations, and omissions made by Defendant YE in his Motion to Dismiss.

Specifically, the limited jurisdictional discovery Plaintiffs' seek will allow Plaintiffs to test and verify Defendant YE's assertions by examining: (1) Defendant YE's communications and negotiations with Tennessee residents and entities related to the dispute; (2) promotional activities and planned performances in Tennessee related to "Fuk Sumn"; (3) business transactions and licensing discussions involving Tennessee-based counsel; and (4) Defendant YE's other purposeful contacts with Tennessee, including his prior concert performances and political activities within the state.

Accordingly, Plaintiffs respectfully move for leave to conduct limited jurisdictional discovery, to examine the factual basis of Defendant YE's assertions and omissions strictly related to jurisdiction, and for an enlargement of time to respond to his Motion to Dismiss (ECF No. 115) until after this Motion is decided.

## III.   LEGAL STANDARD AND ARGUMENT

### A.   Jurisdictional Discovery Is a Recognized Tool to Resolve Disputes Over Personal Jurisdiction.

Sixth Circuit authority has encountered challenges to personal jurisdiction many times in the past and has established a "settled procedural scheme to guide trial courts" in determining questions of personal jurisdiction and it also provides the Court the requisite discretion it needs to decide a challenge to personal jurisdiction. *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1271-72 (6th Cir. 1998). Plaintiffs have the burden to establish that this Court has personal jurisdiction over Defendants. *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002). Plaintiffs are seeking jurisdictional discovery in this matter specifically to show that this Court has specific personal jurisdiction over Defendant YE. Jurisdictional discovery is permitted to help a court decide a

4

motion to dismiss and should be granted under the circumstances of a given case. *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894 (6th Cir. 2017).

In this specific case, jurisdictional discovery is necessary to determine whether this Court has specific personal jurisdiction over Defendant YE. Plaintiffs aver that good cause exists for limited jurisdictional discovery as the facts giving rise to jurisdiction are currently in dispute among the parties. When deciding a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) like that filed by Defendant YE in this situation, the court has multiple options. It "'may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion.'" *Malone v. Stanley Black & Decker, Inc.,* 965 F.3d 499, 505 (6th Cir. 2020) (quoting *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). When a district court rules based on written submissions alone, the plaintiff need only make out a prima facie showing that personal jurisdiction exists. *Malone,* 965 F.3d at 504 (citations and quotations omitted). If the court holds an evidentiary hearing, the plaintiff must demonstrate jurisdiction by a preponderance of the evidence. *Id.* at 505. Additionally, *Schneider v. Hardesty* 669 F.3d 698-699 (6th Cir. 2012) suggested that the preponderance of evidence standard should not apply when the plaintiff obtained less than the full discovery requested, or the facts are in dispute. The court also noted that prior decisions had applied the prima facie standard in cases where limited discovery was conducted but no evidentiary hearing was held. *Id.* at 696 n.6 (citing *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 476-78 (6th Cir. 2003)); *see also, e.g., Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983) ("Where the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden"); s*ee further, Business Aircraft Leasing, Inc.*

5

*v. Brian Carn Ministries, Inc.*, No. 3:16-cv-01577, 2017 WL 9807433, At * 1-3 (M.D. Tenn. Jul. 18, 2017) (finding jurisdictional discovery appropriate for a motion to dismiss or transfer when the Parties' positions raise more questions than they answer regarding the Court's jurisdiction).

In the instant case, it is Plaintiffs' position that they have made a prima facie showing that specific jurisdiction exists. However, a plaintiff may not stand on his pleadings alone in response to a properly supported motion to dismiss for lack of personal jurisdiction, but must set forth, by affidavit or otherwise, specific facts showing that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Without commenting on whether Defendant YE's Motion to Dismiss (ECF. No 115) is "properly supported," which Plaintiffs believe is an issue for another time, Plaintiffs seek the extension requested herein so that Plaintiffs may discover and present "specific facts" demonstrating this Court has the requisite jurisdiction over Defendant YE and then properly respond, or amend its initial response to Defendant YE's Motion to Dismiss.

Here, there is a factual dispute over jurisdiction in this current matter and jurisdictional discovery must be had in order to resolve this issue of jurisdiction fairly. The Supreme Court has even held in recognizing "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). It is therefore Plaintiffs' good faith belief that they can demonstrate the clear existence of personal jurisdiction through limited discovery by investigating the intentional, planned contacts with Tennessee residents, including past concert performances and frequency of Tennessee performances (*i.e.* annual, bi-annual etc.)., marketing and promotional activities specifically related to the infringing work "Fuk Sumn" within the state of Tennessee, business communications and negotiations by Defendant's agents related to sample clearance of Plaintiffs original work for use in the infringing "Fuk Sumn," and inclusion on the Tennessee ballot for

president of the United States and active campaigns within this State targeted directly toward all of its collective residents. Clearly Defendant YE has planned to make permanent, systematic and planned contacts with residents of the great state of Tennessee in both a personal and business capacity. Defendant YE should therefore not be surprised to find itself now sitting in a Tennessee court of law. Plaintiffs should therefore be allowed to explore these contacts with Tennessee though limited jurisdictional discovery.

**B.    Limited Jurisdictional Discovery is Necessary to Determine Whether Tennessee Has Specific Personal Jurisdiction Over Defendant YE.**

Defendant YE's entire legal basis for their Motion to Dismiss centers around a challenge to personal jurisdiction[1]. Specific jurisdiction covers defendants less intimately connected with a State, but only as to a narrower class of claims. The contacts needed are known as 'purposeful availment.' *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,475,105 S. Ct. 21174, 85L.Ed.2d 528 (1985). The notion of purposeful availment is such that the defendant must take some act by which it *purposefully avails* itself of the privilege of conducting activities within the forum State. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958). They must show that the defendant deliberately reached out beyond its home- by, for example exploiting a market in the forum State or entering a contractual relationship centered there. *Walden v. Fiore*, 571 U.S. 277, 285, 134 S. Ct. 1115, 188 L.Ed.2d 12 (2014). There must also be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. The contact '"must be the defendant's own choice and not random isolated or fortuitous."' *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 359, 141 S. Ct. 1017, 1025, 209 L.Ed.2d 225, 234 (2021).

---

[1] Plaintiffs do not contend that this Court has general personal jurisdiction over any Defendant in this matter. For this reason, Plaintiffs believe it is unnecessary to address the requirements for the exercise of such general jurisdiction.

The plaintiffs' cause of action must also "arise out of or relate to" the defendant's contacts with the forum State." *Id.* at 1026. This burden was tested in actual practice and found to be met when a defendant musician travelled to perform in Tennessee and whose music was available for download in Tennessee. *See Scott v. White*, 539 F.Supp.3d 831, 841 (M.D. Tenn. 2021). The Defendant filed a motion to dismiss based on a challenge to personal jurisdiction. The court in this case considered the fact that the defendant first negotiated with the Plaintiff who lived in and conducted business in Tennessee and that these discussions and negotiations centered around the nature of the issue at hand, use of a music trademark/copyright. *Id.*

The *Scott v White* Court reasoned that these specific activities in the forum State were sufficient to show they "arose out of or related to" plaintiff's cause of action. *Id.* (following the reasoning of *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1025 (2021)). The court concluded that the contacts were not random, isolated, or fortuitous, and were sufficient to show that Defendant purposefully availed herself of conducting activities in Tennessee. *Scott v. White*, 539 F.Supp.3d 831, 841-843, 846 (M.D. Tenn. 2021).

From a jurisdictional perspective, the case at bar is very similar to *Scott v White.* Defendant YE and Ty Dolla $ign are musicians who clearly intended to travel to the state of Tennessee to promote their music to its consumers. Defendants and/or their authorized agents who identified themselves such like Alien Music, also freely communicated and eventually negotiated with Plaintiffs, knowing that Plaintiffs were in fact residents of the state of Tennessee.

Their hired, authorized representatives held themselves out to be agents of Defendant, and even contacted Plaintiffs attorney who they knew was based in Tennessee, specifically to negotiate sample clearance of Plaintiffs' musical work entitled "Drink a Yak (Part 2)". The Court in the *Scott v. White* case used these variables as indicators that Defendants were purposefully availing

8

themselves of jurisdiction in Tennessee by their intentional business dealings with Plaintiffs so situated. Coupled with the minimum contacts within the forum or intent to engage in such contacts, the Court found that Defendants' pending motion to Dismiss based purely on a challenge to personal jurisdiction was also denied. Additionally, a similar situation involving a Defendant's intentional business dealings even remotely, amounted to the minimum contacts necessary to support purposeful availment. *See MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 903-04 (6th Cir. 2017).

Finally, the Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) held that contractual dealings and negotiations between an out of state of Defendant can be used to support a finding of purposeful availment. Here, the Court should consider the parties numerous business dealings and negotiations long before litigation was even considered, as evidence of Defendant YE's intent to contract with Tennessee residents. It should therefore be foreseeable that Defendant YE would litigate any matters requiring litigation in the state of Tennessee at least at it relates to the negotiations and discussions involving the infringing work, "Fuk Sumn". It is also important to note as the Exhibits clearly demonstrate, Defendant YE's agents intentionally reached out to Plaintiffs' counsel on multiple occasions knowing Plaintiffs and their counsel were so situated in the State of Tennessee and at their behest.

A final requirement for the exercise of personal jurisdiction to be met is to show that the defendant has a sufficiently substantial connection to the forum such that the exercise of jurisdiction is not unreasonable. *S.Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. at 1029-1030; *Schneider v. Hardesty* 669 F.3d at 703. When the first two criteria of the personal jurisdiction test are met, however, "there is an inference of reasonableness and "only the unusual case will not meet

9

this third criteria.'" *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 903-04 (6th Cir. 2017) (quoting *Air Prods. & Controls, Inc.*, 503 F.3d 554 (6th Cir. 2007)). The court is to consider the burden on the defendant; the interest of the forum state; the plaintiff's interest in obtaining relief; and the other state's interest in securing the most efficient resolution of the controversy. *AlixPartners, LLP v. Brewington,* 836 F.3d 543, 552 (6th Cir. 2016). In *Scott v White* the Court noted the electronic accessibility of information as relevant that evidence would not need to be "brought" to another forum; that Defendant had traveled to Tennessee at least once a year for music related activities and that defendant did not specify in any capacity the number of witnesses she would need to "shepherd" to Tennessee for litigation. *Scott v. White*, 539 F.Supp.3d 831, 842 (M.D. Tenn. 2021).

The *Scott* Plaintiffs were able to successfully argue that Tennessee had an interest in the claims at issue because all individual plaintiffs were Tennessee residents who conducted business primarily in Tennessee. *Id.* The court further reasoned that the defendant did not provide sufficient evidence suggesting this final requirement outweighed all others in rendering the exercise of jurisdiction unreasonable. *Id.* at 843-844. The *Scott* Court found the preponderance of evidence standard, the higher standard required for the exercise of jurisdiction, easily to have been met. *Id.*

Plaintiffs aver there is nothing unusual about the circumstances of instant case warranting this variable outweigh the other two. Plaintiffs have limited resources when compared to Defendants collectively and individually even though Defendant YE argues the opposite is true in his Motion to Dismiss (ECF No. 115). *See* ECF No. 115-1 PAGEID 969 ¶¶ 2. It would in fact be overly burdensome for Plaintiffs to pursue their claims in a different forum when they are residents of Tennessee and conduct all their business in Tennessee, the same as the Plaintiffs in the *White* case.

Additionally, Defendant YE clearly intended to promote and profit from consumers in the State of Tennessee. In fact, Defendant YE had numerous listening parties planned for the sole purpose of promoting the infringing material that is the subject of this lawsuit. At least one specifically planned within the state of Tennessee and targeted toward its consumers. This was promoted via numerous national news outlets.[2] This demonstrates clear intent to engage in business with the state of Tennessee residents related to the musical work at issue in this litigation. Jurisdictional Discovery would thus provide a reasonable method for Plaintiffs to investigate numerous jurisdictional avenues including the business dealings between Defendant YE's Agents and Plaintiffs and the past contacts and performances by Defendant YE within the State of Tennessee including those planned performances. Defendant YE, and Ty Dolla $ign have a long history of performing in Tennessee over a period of many years.[3] Defendant YE has even actively campaigned and targeted the state of Tennessee and its voters for Tennessee votes in the 2020 presidential election of which Defendant YE secured over 10,000 Tennessean votes.[4]

Finally, Defendant YE's negotiations for music clearance of Plaintiffs' original work entitled "Drink a Yak (Part 2)" will further demonstrate Defendant YE's intent to contract with Plaintiffs who they knew were individuals so situated in the State of Tennessee. They were therefore clearly intending and knowingly doing business with Tennessee residents.

---

[2] See https://variety.com/2024/music/news/kanye-west-ty-dolla-sign-cancel-listening-sessions-vultures-arenas-1235957023/ (noting the cancellation of a scheduled Nashville promotional listening party) (last accessed 10/28/25).
[3] https://www.wbir.com/article/entertainment/music/kanye-west-playing-bridgestone-arena-sept-24/51-243698700 (last accessed 10/28/25) (noting a scheduled 2016 Nashville, TN Kanye West Concert); https://www.bridgestonearena.com/events/detail/kanye-west (last accessed 10/28/25) (noting a scheduled Nashville November 2013 Kanye West Concert).
[4] https://www.local3news.com/kanye-west-makes-ballot-in-tennessee-for-the-u-s-presidency-seat/article_8495fdf6-a3e7-562e-9960-8476ebe1867e.html (last accessed) (noting Kanye West's forthcoming appearance on the 2020 Tennessee Presidential election ballot; https://fox17.com/news/local/more-than-9000-tennesseans-voted-for-kanye-west-in-2020-election-ap-results-show-trump-biden (last accessed 10/28/25) (noting that ten thousand Tennesseans voted for Kanye West on in the 2020 Presidential election.

11

At this juncture, no discovery has yet occurred in this case. There is therefore a need for at least limited jurisdictional discovery in this action to specifically ascertain the jurisdictional foundation and test the factual allegations within Defendant YE's Motion to Dismiss (ECF No. 115.)

**C.     Jurisdictional Discovery and an Enlargement of Time to Properly Respond to Defendant YE's Motion to Dismiss are in the Interest of Fairness.**

No formal discovery has occurred in this case. Jurisdictional Discovery is therefore necessary to fairly resolve the jurisdictional issue being challenged and is in the interest of fairness. An enlargement of time to properly respond to Defendant YE's Motion to Dismiss (ECF No. 115) will not unduly delay this matter and is in fact necessary for Plaintiffs to conduct limited jurisdictional discovery to properly respond to Defendant's Motion. Defendant YE has access and knowledge of jurisdictional facts and information that can be ascertained only through limited jurisdictional discovery and aid Plaintiffs, including the Court in making a final determination on the jurisdictional issue. Plaintiffs respectfully request limited jurisdictional discovery to investigate key facts concerning Defendant YE's contacts with Tennessee, including communications, negotiations, and planned performances.

**IV.    RELIEF REQUESTED**

1.    Plaintiffs respectfully request that they be given leave of Court to conduct limited jurisdictional discovery and that such deadlines be set as outlined below:

   a.    Plaintiffs shall propound written discovery requests in the form of interrogatories and requests for production solely limited to issues related to personal jurisdiction within 7 days of the entry of this Court's Order granting Plaintiffs leave to conduct limited jurisdictional discovery.

12

   b. Defendant YE shall provide responses to the written jurisdictional discovery within 14 days of his respective receipt of the same.

   c. Defendant YE shall be available for a remote video deposition via Zoom (or comparable platform) at a mutually agreed upon time. All questions at the deposition will be limited to the issue of personal jurisdiction only, specifically including without limitation, Defendant YE's contacts including planned contacts with Tennessee related to any cause of action contained in the Complaint and statements made in Defendant YE's Motion to Dismiss.

   d. Any third-party subpoenas issued by the parties shall be limited to topics related to Defendant YE's personal jurisdiction and the arguments made in Defendant YE's Motion to Dismiss.

   e. The parties shall conclude jurisdictional discovery on or before December 15, 2025, or thirty (30) days after the Court's disposition of this Motion, whichever is later, at which point Plaintiffs shall have up to and until 10 days from the same to provide substantive responses to Defendant YE's Motion to Dismiss (ECF No. 115.)

  2. In the alternative, in the event the Court denies Plaintiffs' request for leave to take limited jurisdictional discovery, Plaintiffs request an enlargement of time of fourteen (14) days after disposition of this Motion, whichever is later, to file its Response to Defendant YE's Motion to Dismiss (ECF No. 115) or to amend its initial response currently due on October 29, 2025.

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Conduct Limited Jurisdictional Discovery and for an Enlargement of Time to Respond to Defendant YE's Motion to Dismiss. Allowing limited discovery will ensure that the

jurisdictional issues are resolved on a fair and complete record and consistent with the principles of justice and precedent within this Circuit.

                                             Respectfully submitted,

                                             /s/ Bradley J. Eiseman
                                             Bradley J. Eiseman (TN #30534)
                                             **BRADLEY J. EISEMAN AT LAW**
                                             115 Harbor Common Dr
                                             Memphis, TN 38103
                                             Telephone: (901) 299-8250
                                             Facsimile: (901) 370-3890
                                             Email: bradeisemanlaw@gmail.com
                                             *Attorney for all Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded via the District Court E-File system and/or via email, to the following on October 28th 2025.

Eduardo Martorell,
Martorell Law APC
Playa District
6100 Center Drive, Suite 1130
Los Angeles, California 90045
(323) 840-1200
(323) 840-1300 (fax)
EMartorell@Martorell-Law.com
*Special counsel for Defendants Kanye Omari West and Yeezy Record Label, LLC* (*See* ECF No. 33 at p. 1)

                                             /s/ Bradley J. Eiseman