# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| VANDA WATKINS, et al.,<br>    Plaintiff,<br><br>vs.<br><br>KANYE OMARI WEST p/k/a "YE," et al.,<br>    Defendants. | Case No.: 2:24-cv-2880-JPM-tmp |

**NON-OPPOSITION OF DEFENDANTS YEEZY RECORD LABEL LLC AND YE F/K/A KANYE OMARI WEST TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**

**NON-OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER**

Defendants Yeezy Record Label LLC and Ye (formerly known as Kanye Omari West) ("Defendants") hereby submit their Non-Opposition to Plaintiffs' Motion to Amend the Scheduling Order.

## I. DEFENDANTS DO NOT OPPOSE AN AMENDMENT TO THE SCHEDULING ORDER EXTENDING DEADLINES

Defendants do not oppose Plaintiffs' request to amend the scheduling order by extending all deadlines by ten (10) months and continuing the trial date by ten (10) months from February 23, 2026 to approximately December 2026. Defendants were willing to enter a stipulation for this request. However, Plaintiffs decided to instead submit the present motion for the additional apparent purpose of attacking Defendants and blaming them for Plaintiffs' own failures, which Defendants believe are the real reasons that an extension of the deadlines is needed. Defendants thus submit this memorandum not in opposition to the request, but, rather, to correct the record in response to assertions made in Plaintiffs' motion.

## II. PLAINTIFFS FILED A LAWSUIT BEYOND THE JURISDICTIONAL REACH OF DEFENDANTS

As explained in Defendants' separate motions to dismiss, Plaintiffs filed this lawsuit in Tennessee despite alleging injuries arising from conduct that did not occur in Tennessee. As a logical result, Defendants, who are California residents, are disputing jurisdiction to avoid being forced to litigate this matter in a forum to which they have not availed themselves. Much of the delays and issues complained of by Plaintiffs arise from their decision to litigate in this manner.

## III. PLAINTIFFS HAVE FAILED TO SERVE DEFENDANT YE

Plaintiffs' claim that Defendant Ye has been served is incorrect. As explained in his Rule 12 motion, Plaintiffs have presented no evidence showing proper service was made on Ye under any of the applicable rules. *See* ECF 115-1 at 8. Instead of seeking to correct these defects in service, Plaintiffs are opposing the motion and

standing on the inadequate declarations and proofs of service.  As expected, this is further dragging out this matter and necessitating the extension of time sought.

IV.  **PLAINTIFFS' JURISDICTIONAL DISCOVERY MOTIONS ARE EVIDENCE OF A DELAY STRATEGY**

In response to each of the Defendants' separate Rule 12 motions, Plaintiffs have moved for additional time to conduct jurisdictional discovery.  It is notable that Plaintiffs made this request each time only after first initially seeking and obtaining extensions of time for their responses.  ECF 78-79 (dated May 2025), 119-120 (dated October 2025).  Indeed, the Court stated in its order referring the jurisdictional discovery motion that "[i]t would normally be inappropriate for Plaintiffs to move for jurisdictional discovery on the eve of its response deadline.  This is especially true when the Court has given Plaintiff additional time to respond."  ECF 125 at 1.  Further, as more fully discussed in the oppositions to the jurisdictional discovery motions, Plaintiffs are seeking information that is irrelevant to this case and would not actually resolve the jurisdictional issues in Defendants' motions to dismiss.

Taking all of this together, it is clear that Plaintiffs are engaging in a delay strategy to avoid the inevitable—this case being dismissed for lack of jurisdiction.  Given these circumstances, Defendants believe the additional time is necessary in order for Plaintiffs to exhaust all of their delay tactics.

V.  **PLAINTIFFS' SPECULATION ABOUT FUTURE DISCOVERY**

In support of their motion, Plaintiffs present a declaration they downloaded from a case docket involving a matter filed against Yeezy LLC—who is not a party to this lawsuit—and Plaintiffs present this solely for the purpose of claiming they will need to file motions to compel and seek sanctions against Defendants despite having never served any discovery requests.  Plaintiffs' argument is completely speculative and wholly irrelevant.  Plaintiffs do not even explain how anything in the presented declaration relates to information they would need for this lawsuit.

## VI.   CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant the motion to amend the scheduling order to extend all deadlines by ten months.

Dated:  December 9, 2025                           **MARTORELL LAW APC**

                                                   By:   /s/ Eduardo Martorell
                                                         Eduardo Martorell (California SBN 240027) Admitted *pro hac vice*
                                                         Evan Miller (California SBN 336473) (*Pro Hac Vice Application to be Filed*)
                                                         Martorell Law APC
                                                         6100 Center Drive, Suite 1130
                                                         Los Angeles, CA 90045
                                                         Phone: (323) 840-1200;
                                                         Fax: (323) 840-1300

                                                         *Specially Appearing Attorneys for Ye f/k/a Kanye Omari West*